# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES A. ESLICK and SHARON K. ESLICK, | |
| Plaintiffs, | |
| v. | Case No. 3:13-CV-740 JVB-CAN |
| WELLS FARGO BANK, N.A., *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

On July 24, 2013, Plaintiffs, proceeding *pro se*, filed a confusing complaint[1] against Defendants,[2] essentially alleging wrongful foreclosure of their home. Since then, all Defendants have either filed or joined motions to dismiss due to numerous problems with the complaint. As a result, three motions to dismiss are now before the Court. (DE 31, 65, 67.) After carefully

---

[1] The complaint is difficult to decipher for a number of reasons. For example, the caption begins by stating "ACTION OF TRESPASS, AND TRESPASS ON THE CASE." The text of the complaint is single-spaced and italicized and bolded in certain areas. The complaint references persons not named as parties, and cites entire portions of the Uniform Commercial Code. Furthermore, the complaint refers to statements by professors discussing and interpreting the Uniform Commercial Code. Most problematic, however, the complaint fails to clearly allege any facts that would permit this Court to conclude that it has jurisdiction to hear this case.

[2] The named defendants in this case include: Wells Fargo Bank, N.A., the company that foreclosed on Plaintiffs' mortgage; LaPorte County Superior Court Judge Richard Stalbrink, who presided over the foreclosure action; the Federal Home Loan Mortgage Corporation; the law firm of Unterburg & Associates, which represented Wells Fargo in the foreclosure action; attorneys Brian Berger and Kristin Durianski, who worked for Unterburg & Associates; Josh Weidermann, a Wells Fargo employee who submitted an affidavit in the state court action attesting to the Eslicks' default and the amount owed; and Shawn and Jennifer Fuller, who currently own the Eslicks' former residence.

reviewing the record, the Court finds that it does not have jurisdiction to hear the complaint.[3] Accordingly, the complaint is **DISMISSED**.

**A. Background**

Plaintiffs bought a house in Wanatah, Indiana, in 1997, using funds that were borrowed from First Union Home Equity Bank, N.A.[4] (DE 1-1, at 3.) At the time of purchase, Plaintiffs signed a promissory note that was secured with a mortgage on the property. (*Id.*) Plaintiffs defaulted on the note in 2009. (*Id.*) In June 2010, Wells Fargo filed a complaint in the LaPorte County Superior Court to foreclose on the mortgage. (*Id.*) Judge Richard Stalbrink entered summary judgment against Plaintiffs in April 2011, granted an *in rem* judgment to Wells Fargo against Plaintiffs' home, and foreclosed the mortgage. (*Id.* at 4.) As a result of the foreclosure, the property was sold in December 2011, and Plaintiffs left the property in February 2012. (DE1, ¶¶ 16–17.)

In the complaint, Plaintiffs allege that "[t]he Judgment signed on April 18, 2010,[5] is a void judgment" (DE 1, ¶ 47), that they continue to own the property, and that Wells Fargo "is administrating [the] property without any right and without [their] consent." (*Id.* ¶ 48.) The alleged basis for this claim is an IRS Form 1099A that Plaintiffs received in 2011, identifying the Federal Home Loan Mortgage Corporation as a lender with an interest in the property. (*Id.* ¶¶

---

[3] The Court has reviewed all the filings in this case, including Plaintiffs' November 15, 2013, motion (DE 87.) This motion is similar to the earlier filings, as it continues to challenge the state court's jurisdiction over the foreclosure action. (*Id.*) Additionally, Plaintiffs asset that this Court is a "common law" court, and therefore, the statutory constraints on this Court's original jurisdiction do not apply. (*Id.*) Finally, Plaintiffs allege that Defendants' counsel is unauthorized to practice law in Indiana—a meritless argument, as a check of the Indiana Roll of Attorneys reveals that Mr. Carl Greci is a licensed Indiana attorney in good standing with the bar.

[4] First Union Home Equity Bank, N.A. later merged into Wachovia Bank of Deleware, N.A., and ultimately into Wells Fargo Bank, N.A. (DE 1-1, at 5.)

[5] This date is incorrect. Judge Stalbrink signed the judgment on April 18, 2011. (DE 1-2, at 5.)

18–19.) From this document, Plaintiffs infer that Freddie Mac had acquired the promissory note prior to the foreclosure suit, and therefore, Wells Fargo was no longer entitled to enforce the note. (*Id.* ¶¶ 21, 26–27, 46.) According to Plaintiffs, this means that the affidavits in support of the foreclosure judgment, which attested to the fact that Wells Fargo held the note, were fraudulent. (*Id.* ¶¶ 23–25.) Plaintiffs allege that they have been injured by this fraud and seek damages resulting from the foreclosure action, as well as to have the mortgage and promissory note declared void. (*Id.* ¶¶ 152–162.)

**B. Standard of Review**

Federal law provides district courts original jurisdiction over claims in limited situations. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Unlike other defenses, subject matter jurisdiction cannot be waived or forfeited. *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004). A court is required to dismiss the action if it finds that it lacks subject matter jurisdiction, regardless of whether a party files a motion. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The party asserting federal jurisdiction has the burden of proving its existence. *Golemine, Inc. v. Town of Merrillville, Ind.*, 652 F. Supp. 2d 977, 981 (N.D. Ind. 2009). Moreover, "[a] federal court must presume that it lacks jurisdiction unless the record affirmatively indicates that it in fact has jurisdiction." *Id.* (internal citations omitted).

## C. Analysis

In their motions to dismiss, Defendants point out several flaws present in Plaintiffs' complaint. As an initial matter, however, Defendants note that the claims alleged by Plaintiffs all arise out of the earlier state foreclosure action, which raises serious jurisdictional concerns. Under the *Rooker-Feldman* doctrine, federal district courts do not have subject matter jurisdiction over claims seeking review of state court judgments. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482–86 (1983)). The *Rooker-Feldman* doctrine is jurisdictional in nature and its applicability must be determined before considering any alternative arguments. *Long*, 182 F.3d at 554–55; *see also Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996) ("Where *Rooker-Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata."). In applying *Rooker-Feldman*, the primary question is "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry*, 82 F.3d at 1365. "If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Id.*

In this case, Plaintiffs are asking the federal district court to review the state judicial proceeding and have not asserted any independent basis for federal jurisdiction. This is the type of claim expressly barred by *Rooker-Feldman*. Therefore, this Court is without jurisdiction. Plaintiffs must pursue further relief in the Indiana state court system and not in the federal district courts.

**D. Conclusion**

This Court does not have jurisdiction to adjudicate Plaintiffs' complaint. Accordingly, the complaint is **DISMISSED.**

SO ORDERED on December 12, 2013.

/s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE