UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES A. ESLICK and SHARON K. ESLICK,

    Plaintiffs,

    v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

Case No. 3:13-CV-740 JVB-CAN

**OPINION AND ORDER**

The Eslicks are unhappy with this Court's December 12, 2013, Order dismissing their complaint due to a lack of subject matter jurisdiction. (*See* DE 88.) After the clerk entered judgment, they filed three new documents with the Court. (DE 91, 92, 93.) After reviewing the record, the Court **DENIES** Plaintiffs' "Objection to Order to Dismiss," (DE 91), **DENIES** Plaintiffs leave to file an amended complaint, and **STRIKES** Plaintiffs' "First Amended Action." (DE 92.)

**A. Procedural History**

On December 12, 2013, this Court dismissed Plaintiffs' *pro se* complaint for lack of subject matter jurisdiction. (DE 88.) The Clerk entered judgment the same day. (DE 89.) The Clerk amended the judgment on December 17, 2013, to include certain defendants inadvertently omitted from the original judgment. (DE 90.) On January 13, 2014, Plaintiffs filed an "Objection

to Order to Dismiss," a "First Amended Action," and a "Declaration in Support for First Amended Cause of Action." (DE 91, 92, 93.)

On January 27, 2014, Defendants Wells Fargo Bank, N.A., Josh Weidermann, and Federal Home Loan Mortgage Corporation filed a motion to strike Plaintiffs' "Objection to Order to Dismiss" and "First Amended Action," or in the alternative, to deny Plaintiffs leave to amend the complaint. (DE 99.) Plaintiffs responded on February 10, 2014.[1] (DE 101, 102.)

**B. Discussion**

Mindful of Plaintiffs' *pro se* status, the Court interprets their filings liberally and looks to the substance, rather than the form of the documents. *See United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Even though Plaintiffs fail to cite any rule as a basis for their "Objection to Order to Dismiss," "the fact that [the motion] challenges the merits of the district court's decision means that it must fall under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure." *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion to alter or amend the judgment under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). The statutory deadline cannot be extended by the court. *See* Fed. R. Civ. P. 6(b)(2). Furthermore, when computing the deadline, every day is counted, "including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1)(B). In certain instances, three days are added to the applicable time period in accordance with Rule 6(d). *See* Fed. R. Civ. P. 6(d). The Seventh Circuit recently clarified, however, that "Rule 6(d) . . . does not extend the

---

[1] Plaintiffs filed two responses with the Court. (DE 101, 102.) It is unclear why Plaintiffs filed both documents, as they are essentially identical, except DE 101 provides several paragraphs of argument not included in DE 102. For purposes of this Order, the Court confines its analysis to the more detailed version supplied in DE 101.

2

deadline for Rule 59(e) motions." *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) (internal citations omitted).

Here, Plaintiffs filed their objection thirty-one days after entry of judgment. (*See* DE 91.) Therefore, their motion was untimely under Rule 59(e) and the Court instead construes their filing as a motion for relief from judgment under Rule 60(b).[2] *See Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012) ("[A]n untimely Rule 59 motion is treated as a motion under Rule 60(b)."). "It is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994) (internal quotations omitted). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A Rule 60(b) motion cannot be used to rehash old arguments. *See Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000). Instead, relief must be based on one of six grounds listed in Rule 60(b). *See* Fed. R. Civ. P. 60(b)(1)–(6); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (noting that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief").

---

2     Federal Rule of Civil Procedure 60(b) states:
      (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
         (1) mistake, inadvertence, surprise, or excusable neglect;
         (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
         (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
         (4) the judgment is void;
         (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
         (6) any other reason that justifies relief.

Here, Plaintiffs' assert that the Court "had . . . a duty to correct [Plaintiffs'] actions" before dismissing the complaint. (DE 91, ¶ 3.) Additionally, Plaintiffs note a mistake in initially including Judge Stalbrink as a defendant. (DE 91, ¶ 6.) These allegations, however, do not rise to the level warranting reopening the judgment under Rule 60(b). Accordingly, the Court **DENIES** Plaintiffs' Rule 60(b) motion. (DE 91.)

Finally, Plaintiffs offer a proposed amended complaint. The Federal Rules of Civil Procedure allow a plaintiff to amend the complaint once as a matter of right, subject to specific limitations, or with the Court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2). While "an order dismissing the original complaint normally does not eliminate plaintiff's right to amend once as a matter of right . . . [i]f final judgment is entered dismissing the case . . . the plaintiff loses that right." *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) (internal citations omitted). At that point, "the plaintiff must either appeal the dismissal or seek to have the case reopened [to] pursue amendment of the complaint." *Id*. Thus, when a district court dismisses the entire action, as occurred in this case, plaintiffs must "seek leave to amend [the complaint] after reopening the judgment by way of either a Rule 59(e) or Rule 60(b) motion." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1112 (7th Cir. 1984).

As explained earlier, the Court issued a final judgment dismissing the case on December 12, 2013, and Plaintiffs do not state a plausible basis for reopening judgment under Rule 60(b). Therefore, Plaintiffs' request to amend the complaint is **DENIED.** The Court **STRIKES** Plaintiffs' proposed amended complaint. (DE 92.)

**C. Conclusion**

Plaintiffs' Rule 60(b) motion to reopen judgment (DE 91) fails and is therefore **DENIED.** Likewise, Plaintiffs' request to amend the complaint is **DENIED.** Therefore, the Court **STRIKES** Plaintiffs' proposed amended complaint. (DE 92.)

SO ORDERED on March 21, 2014.

/s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE